# United States Court of Appeals
## for the Fifth Circuit

No. 20-60846
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL JAMES BARNES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CR-38-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Michael James Barnes, federal prisoner # 17118-043, was sentenced as an armed career criminal to 180 months of imprisonment and three years of supervised release following his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He now appeals

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60846

the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion to reduce his sentence in which he sought compassionate release based upon the COVID-19 pandemic and his underlying medical conditions. The district court denied the motion after it found that even if Barnes had shown extraordinary and compelling reasons for early release, this relief was not warranted.

We review the denial of a § 3582(c)(1)(A)(i) motion for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). An abuse of discretion is shown if the district court "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (citation omitted).

Barnes argues that the district court erred in denying relief based on 18 U.S.C. § 3553(a)(2)(C) by finding that he would be a danger to society if released. However, the court did not explicitly mention § 3553(a)(2)(C); rather, the court referenced the "§3582(c) factors" and U.S.S.G. § 1B1.13(2), p.s. To the extent that the district court's rationale implicated the § 3553(a) factors, Barnes fails to show that the district court abused its discretion by giving greater weight to the seriousness of Barnes's criminal history, his prison disciplinary record, the amount of time served on his sentence, the need to protect the community, and the need for just punishment than to Barnes's post-sentencing rehabilitation, his medical issues, the impact of the pandemic at USP Lewisburg, and the response to the pandemic by the Bureau of Prisons. *See Chambliss*, 948 F.3d at 693-94.

The judgment of the district court is AFFIRMED.